Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6153 | **DATE** | 5/9/2002 |
| **CASE TITLE** | U.S. ex rel. Kimberly Keller vs. Attorney General of the State of Il | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. For the foregoing reasons, the Court DENIES Keller's Petition for a Writ of Habeas of Corpus pursuant to 28 U.S.C. Section 2254, with prejudice, and this case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 1 0 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) | |
| KIMBERLY KELLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 98 C 6153 |
| v. ) | |
| ) | HON. JOHN A. NORDBERG |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF ILLINOIS, ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Kimberly Keller ("Keller") was convicted of first degree murder in Illinois state court. Keller unsuccessfully challenged her conviction on direct appeal and in a post-conviction action. Keller, represented by counsel, has now filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in this court.

## BACKGROUND

On March 8, 1995, Keller was convicted of the first degree murder in Circuit Court of Cook County, Illinois for stabbing her newborn child to death. She was sentenced to fifty-five years' imprisonment. Represented by the Illinois Appellate Defender, Keller appealed the conviction, raising the following issues: (1) an erroneous jury instruction that appeared to give the jury the option of convicting for murder even if they found her conduct was reckless; (2) an improper closing argument by the prosecutor; and (3) an excessive sentence (Case # 95-1039) Prior to the Illinois appellate Court's consideration of her direct appeal, Keller, represented by her current counsel, filed a post-conviction action in the Circuit Court of Cook County, raising

17

two issues: (1) denial of due process, fair trial, and fair sentencing; and (2) ineffective assistance of counsel based upon a host of alleged errors. The petition was denied as being without merit on June 13, 1996. Keller appealed the denial of her post-conviction petition, claiming that Keller's trial counsel was ineffective because he failed to present exculpatory medical evidence, failed to conference the case, forced Keller to testify, failed to present evidence in a motion to suppress Keller's incriminating statements, and failed to voir dire the potential jurors regarding their views on abortion (case # 96-2618). The Illinois Appellate Court consolidated both actions on appeal and affirmed Keller's conviction and sentence and the denial of her post-conviction action on July 10, 1997. ("Illinois Appellate Decision.") Keller's attorneys in both the direct action and the post-conviction action filed petitions for review in the Illinois Supreme Court. The direct appeal petition raised the following issues:(1) a misleading jury instruction, and (2) improper argument by prosecutor. The post-conviction petition raised the following issues:(1) ineffective assistance generally at trial (no elaboration), specifically in failing to tender a medical expert to testify that the baby was likely stillborn, and (2) a misleading jury instruction. The Illinois Supreme Court denied both petitions on October 1, 1997.

Keller filed the instant habeas petition on October 1, 1998[1], and raises the following issues:

(1) Counsel was ineffective because-

    (A) he failed to discuss sentencing options with Keller;

    (B) he failed to plea bargain;

---

[1] Narrowly beating the one-year deadline established in 28 U.S.C. § 2244.

2

(C) he erroneously told Keller she could not plea bargain because the State sought the death penalty;

(2) Counsel was ineffective because-

(A) he failed to investigate medical evidence;

(B) he failed to present a medical expert on issue of live birth;

(3) Counsel was ineffective because he failed to present Dr. Johnson's testimony to refute the State's claim that Keller knew she was pregnant;

(4) Counsel was ineffective because he failed to voir dire jurors regarding their views on abortion;

(5) Counsel was ineffective because he forced Keller to testify in violation of her Fifth Amendment rights;

(6) Counsel was ineffective because he failed to present evidence in a motion to suppress Keller's statements;

(7) Counsel was ineffective because he failed to object to State's improper closing argument (and preserve issue for appeal);

(8) Keller was denied due process when court used a misleading jury instruction (alternatively, counsel ineffective for failing to preserve issue).

The claims presented by Keller's counsel are in scattershot form, without case citation or reference to the appropriate standards for habeas review. The State answered that the most of the claims were procedurally defaulted and the remainder meritless, noting that the petition should be summarily denied due to Keller's failure to address the appropriate AEDPA standards. Keller's attorney did not immediately file a reply. The court invited her to so via our order of

January 23, 2002. A reply was ultimately filed, and in it counsel (belatedly) attempted to support some of the claims in the petition. Thereafter, the parties exchanged sur and sur-sur replies.

## LEGAL STANDARDS

### Generally

Through the mechanism of habeas corpus, a federal court may vacate a state prisoner's conviction or sentence where that prisoner is being held in violation of the United States Constitution or other federal laws or treaties. *See* 28 U.S.C. § 2254; *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997). Traditionally, state court legal conclusions, including mixed questions of law and fact, are reviewed de novo; however, that standard has been tempered by the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") deferential standards. *Sanchez v. Gilmore*, 189 F.3d 619, 623 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1724 (2000). A federal court may now only grant a prisoner's § 2254 petition if the state court "adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or - (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented..." 28 U.S.C. § 2254(d). Determinations of factual issues made by the state court are presumed to be correct; the petitioner has the burden of rebutting them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court

4

identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 120 S. Ct. 1495, 1523 (2000). "[A]n unreasonable application of federal law is different from an incorrect or erroneous application of federal law." *Id.* at 1522. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of the clearly established federal law was objectively unreasonable." *Id.* at 1521 (rejecting the "all reasonable jurists" standard). As Judge Evans succinctly put it "[t]he upshot of all this is that federal review is now severely restricted; the fact that we may think certain things could have been handled better by the state trial judge or by the prosecuting attorney or by a state reviewing court means very little." *Sanchez v. Gilmore*, 189 F.3d 619, 623 (7th Cir. 1999). As to the "contrary to" prong, the federal court reviews "the state court decision de novo to decide what is clearly established law as determined by the Supreme Court and whether the state court decision was 'contrary to' that Supreme Court precedent." *U.S. ex rel. Bell v. Pierson*, 267 F.3d 544, 557 (7th Cir. 2001).

A habeas court "will not review a question of federal law decided by a state court if that decision rests on state law grounds that are independent of the federal question and adequate to support the judgment." *Franklin v. Gilmore*, 188 F.3d 877, 881(7th Cir. 1999), *cert denied*, 529 U.S. 1039 (2000). To be "independent," the state court must have relied on the state procedural bar "as an independent basis for its disposition of the case." *Bell*, 267 F.3d at 556 (internal quote omitted). State rules are not adequate to bar federal review unless they are firmly established and regularly applied at the time of the case being reviewed. *Franklin*, 188 F.3d at 882. The Illinois rules of waiver and res judicata are independent and adequate state law grounds. *Id.* at 882-3;

5

*Clemons v. Snyder*, No. 01 cv 3846, 2001 WL 1104602, at *4 (N.D. Ill. Sept. 18, 2001); *U.S. ex rel. Jellis v. Briley*, No. 00 cv 50394, 2001 WL 640972, at *4 (N.D. Ill. June 6, 2001); *U.S. ex rel. Monegan v. Page*, No. 98 cv 2483, 1999 WL 1267719, at *4-5 (N.D. Ill. Nov. 18, 1999).

A federal court may not review the merits of claims raised in a § 2254 petition unless the petitioner has (1) exhausted all the remedies available to him in state court; and (2) fairly presented his federal claims in state court first. *McGowan*, 109 F.3d at 1172. To exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732 (1999). In Illinois, the claims must be presented through both levels of the two-tiered appellate process, which includes a petition for review by the Illinois Supreme Court. *Id.* at 1732-33 (failure to do so results in a procedural default). In sum, a petitioner can procedurally default a claim by completely failing to raise the claim in the state court system or where the state court has declined to address the merits of the claim because of petitioner's failure to comply with a state procedural rule or where petitioner failed to properly appeal his claim in the state court system. *See U.S. ex rel. Johnson v. Tally*, 47 F. Supp. 2d 943, 947 (N.D. Ill. 1999). If a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates (1) cause for and actual prejudice from failing to raise the claim as required, or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir.1996) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). The fundamental miscarriage of justice exception requires a claim that the petitioner be actually innocent of the crime. *Id.* at 1212.

6

### Ineffective Assistance

To establish ineffective assistance of counsel, a defendant must show that counsel's representation "fell below an objective standard of reasonableness " and that counsel's "deficient performance prejudiced the defense." *Williams v. Taylor*, 120 S. Ct. 1495, 1511 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687(1984)). Prejudice is defined as a reasonable probability that, but for counsel's mistake, the result in the case would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision. It should not depend on the idiosyncracies of the particular decision maker, such as unusual propensities toward harshness or leniency." *Id.* at 695. In reviewing a claim of ineffective assistance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

### DISCUSSION

Our review is significantly hampered in this case by Keller's presentation. Despite being represented by counsel, she makes no effort to explain how the state court's resolution of her claims is in any way unreasonable or contrary to Supreme Court precedent. For that matter, she does not deign to discuss or acknowledge the legal standards. A federal court need not winnow through the record to find and support claims for a *pro se* petitioner. *See, e.g.,Tally*, 47 F. Supp.

7

2d at 953-4. It would appear axiomatic that we need not do so for a petitioner represented by an attorney. Nonetheless, we shall proceed as best we can.[2]

## A. Procedural Default

We note at the outset that the great majority of the claims have been procedurally defaulted by Keller's failure to present them to the Illinois Supreme Court. *See Boerckel*, 119 S. Ct. at 1732-3. In addition, in her original petition, Keller made no claim of actual innocence, nor did she argue cause and prejudice for any of the defaults.

The closest she comes is her attorney's statement regarding claim #4—that because the Illinois appellate court summarily denied the issue because it should have been raised on direct appeal, she was denied effective assistance of counsel on direct appeal and in the post-conviction proceeding. (Petition at 10.) Ineffective assistance can constitute cause for setting aside a default. *Franklin*, 188 F.3d at 883. This terse statement is inadequate to establish cause and prejudice for a default. To begin with, it is not clear she is even attempting to excuse the default. This off hand remark certainly did not put the State on notice that it needed to respond. *See* State's Answer at 10-11. Moreover, as an attorney need not raise every conceivable claim in an appeal, that counsel did not raise this issue, standing alone, shows nothing. *See Id.* at 884.

In her reply, matters are little better. Counsel again states that Keller was denied effective assistance of counsel, which resulted in some of her claims being waived. However, she stops

---

[2] In her sur-sur reply, Keller's counsel takes umbrage with the State's claim that her presentation is inadequate for failing to discuss controlling legal principles. Counsel asserts that Habeas Rule 2(c) does not require case citation, only the presentation of a factual basis for the claim. That an attorney can believe that she can adequately establish her client's entitlement to habeas relief under ADEPA without a citation to controlling authority and discussion of the relevant legal issues is truly disappointing.

well short of developing this alleged ineffective assistance claim into a cause and prejudice argument for excusing the defaults. Instead, she argues, in the most spartan and conclusory manner, that the evidence establishes Keller's actual innocence and that the Illinois doctrine of waiver is not an independent and adequate state law ground to bar the claims.[3] Normally, the court would consider an argument not presented by an attorney until the reply to be waived. However, in this case, these claims can be readily dispatched with on the merits.

First, as for the challenge to the adequacy of the Illinois waiver rules, Keller utterly disregards controlling Seventh Circuit authority. *See, e.g., Franklin*, 188 F.3d at 882-3.[4] Secondly, the claim of actual innocence, based entirely on the medical report of Dr. Stringer (Petition, Exhibit H), is equally meritless. Dr. Stringer opines that the "floating lung test" utilized by the pathologist is not absolutely reliable for determining whether a child was born alive, and that, given the risk factors the child faced, there was a "very real chance of still birth." (*Id.*) These points are essentially meaningless. The State's forensic witness did not base his conclusion solely on the floating lung test, but also on the fact that there was evidence of bleeding in the soft tissue under the wounds. (*See* Illinois Appellate Decision at 6.) Keller says nothing about this second test. Moreover, Dr. Stringer's opinion regarding the "chance" of stillbirth is rendered irrelevant by Keller's own statements about the baby sighing, coughing and

---

[3]While counsel's brief is a bit hard to follow, she seems to only be raising these arguments to preserve our review of the ineffective assistance claims, apparently abandoning all the others. (Reply at 4.)

[4]In her sur-sur reply, counsel again claims that the Illinois waiver rules are capriciously and discriminatorily applied.

9

gasping. (*Id.* at 2-5). Probabilities are rendered meaningless by actualities. The State's evidence, as noted by the Illinois court, was overwhelming. (*Id.* at 20-1, 26.)

The only issues raised in this petition that were presented to the Illinois Supreme Court are (1) that counsel was ineffective for failing to present a medical expert that the child was stillborn (Claim #2 in the Petition) and (2) that Keller was denied a fair trial because an erroneous jury instruction misled the jury (alternatively, that counsel was ineffective for failing to preserve the issue)(Claim #8 in the Petition).[5]

There is a further wrinkle, however. The State did not expressly rely on *Boerkel*, which was decided after the State's Answer was filed. The State instead argued that most of the claims were barred by the appellate court's reliance on an independent and adequate state law ground (waiver or res judicata) or by Keller's failure to present them to any Illinois court. This distinction is largely academic, given Keller's failure to successfully challenge any of the defaults on any basis. Nonetheless, as to some of the claims, there is a difference. The State responds to Claim #1 and #5 on the merits, which means that they survive based upon a waiver of waiver. *See generally Hernandez v. Cowan*, 200 F.3d 995, 997 (7th Cir. 2000). As to Claim #2, regarding the medical expert, the state court concluded that the claim was waived for failure to present it on direct appeal. (*See* Illinois Appellate Decision at 25.) Waiver is an independent and adequate state law ground; thus this claim is barred. As to Claim #8, regarding the errant jury instruction,

---

[5]The alternative claim #8, that counsel was ineffective in failing to preserve the issue is barred because it was never presented to the Illinois Appellate Court.

the state court concluded that the claim was waived. (*See* Illinois Appellate Decision at 15.) This claim is also barred.[6]

Thus, we will proceed to the merits of claims #1 and #5.

**B. Ineffective Assistance of Counsel**

In Claim #1, Keller argues that counsel was ineffective because (1) he failed to discuss sentencing options with Keller, (2) he failed to plea bargain, and (3) he erroneously told Keller she could not plea bargain because the State sought the death penalty. In Claim #5, Keller maintains that counsel was ineffective because he violated her Fifth Amendment rights by forcing her to testify. Keller presents no argument regarding claim counsel failed to discuss sentencing options, and we will deem it waived. As to claim that counsel failed to plea bargain, Keller presents a series of summaries of newspaper articles, which purport to illustrate that other defendants who killed their infants plea bargained and received much shorter sentences than Keller. Keller presents nothing as to claim that counsel erroneously told her the State would not plea bargain because they sought the death penalty, other than stating it as a conclusion. As to her claim that counsel "forced" her to testify, Keller states that her testimony was very damaging to her case, that she wanted to plea bargain, and that counsel told her that it was absolutely essential that she testify. The State maintains that her ineffective assistance claim regarding plea negotiations attempts to create a new rule of law and that all the claims are inadequately presented and meritless.

---

[6] While the state court briefly went through a plain error analysis, it ultimately concluded that the claim was waived. (*Id.* at 14-6). Conceivably, one could argue that the state court's brief review of the issue keeps it alive for habeas review, but Keller does not make such an argument. Nor does she, for that matter, identify the instruction, quote the objectionable portion, describe the flaw, or explain how the state court erred in reviewing it.

11

The state court first addressed the claim that counsel erroneously informed Keller that the State sought the death penalty and would not plea bargain. The court noted that the case was a potential death penalty case, and the State could well have initially made that representation to defense counsel. (Illinois Appellate Decision at 26.) Further, the court concluded that whether the decision not to plea bargain was the prosecutor's or whether it was defense counsel's strategic decision, there was no violation of a constitutional right. *Id.* The court next addressed the claim that defense counsel had errantly advised Keller to testify. The court concluded the claim was baseless, noting that Keller did not indicate that she was unaware of her right to not to testify, and, given that Keller was the only eyewitness who could attempt to refute the State's damaging evidence, counsel's advice to testify was a matter of strategy. *Id.*

We note that the Illinois court applied the rule in *People v. Palmer*, 162 Ill.2d 465 (1994), an Illinois Supreme Court case that cited and applied the controlling *Strickland* standard for ineffective assistance claims. Therefore, the state court appeared to apply the controlling Supreme Court authority.

As to the original petition, Keller's counsel has made no effort to show that the state court's decision is in any way unreasonable or contrary to controlling Supreme Court precedent. She neither cites controlling precedent nor makes the slightest attempt to directly challenge the state court's conclusion on any legal or factual basis.[7] The "authority" forwarded by counsel consisted largely of newspaper stories dealing with individuals in other jurisdictions that killed their infants in far less brutal manners and received lighter sentences. This is hopelessly

---

[7] In her Reply at page 3, she essentially concedes that the only challenge to the appellate court's statement of facts is in her post-conviction petition regarding the expert witness. This gets Keller nowhere in the context of a habeas petition.

inadequate in a post-AEDPA habeas proceeding. *See, e.g., U.S. ex rel. Chapman v. DeTella*, No. 97 cv 2893, 1998 WL 25762, at *8 (N.D. Ill. Jan. 9, 1998)("generalized claim for relief not sufficient").

Keller's counsel attempted to put limited flesh on the argument in her reply. While we would normally deem arguments not raised until the reply waived, we will briefly address them. First, she claims that Keller's ineffective assistance claims are supported by *Toro v. Fairman*, 940 F.2d 1065 (7th Cir. 1991) and *U.S. v. Peters*, 159 F.3d 1043 (7th Cir. 1998). As to Keller's claim that she was forced to testify, she asks for a hearing to establish that she was unaware of her right not to testify.

We note that Keller's counsel, even after being notified of the proper legal standard by the State in its Answer, makes no significant reference to Supreme Court authority nor how the state court's decision is contrary to or an unreasonable application of Supreme Court authority. The one reference to the principle in her reply was an errant one: "Petitioner asserts that the state court's application of the waiver rule was contrary to, and was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668(1984)...." (Reply at 4.) This assertion shows a very poor understanding of the relevant legal principles. We must conclude that, under the AEDPA standard, Keller's counsel has provided no basis for challenging the state court's conclusions.

Even if we were to consider the merits, the petition must fail. "A criminal defendant has a right to effective assistance of counsel in deciding whether to accept or reject a proposed plea agreement." *Toro v. Fairman*, 940 F.2d 1065, 1067 (7th Cir. 1991), *cert. denied*, 505 U.S. 1223

13

(1992). *See also Paters v. United States*, 159 F.3d 1043, 1046 (7th Cir. 1998).[8] In this case there is no evidence, nor even the barest allegation, that the prosecutor ever made an offer or that the prosecutor would receptive to an offer to plea bargain the case. Given the egregiousness of the facts, and the prosecutor's aggressiveness in closing argument, it may well be that the State never considered offering Keller a deal. On that note, Keller has presented no evidence that her counsel did not believe that the State was contemplating the death penalty at some point in the proceeding. Thus, the state court's conclusion is not unreasonable. As to advising Keller to testify, the state court's conclusion is also sound. Keller was the only potential witness that could even conceivably attempt to refute or minimize the State's evidence. Moreover, as noted in *Toro*, when the state's case is overwhelming, even if having the defendant testify was an error, there was no impact on the outcome. 940 F.2d at 1068-9.

As for her request for a hearing, her showing falls far short of meeting the requirements of 28 U.S.C. § 2254(e)(2), which were not addressed in counsel's presentation. Further, as noted above, even if advising Keller to testify was error, it was harmless in light of the Strength of the State's case.

## CONCLUSION

For the foregoing reasons, the Court DENIES Keller's Petition for a Writ of Habeas of Corpus pursuant to 28 U.S.C. § 2254, with prejudice, and this case is terminated. If Keller wishes to appeal the denial of his habeas petition, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States

---

[8]The State also notes that to the extent Keller is claiming that counsel had a generalized duty to bargain, she could be seeking to create a new rule of law.

District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of judgment in this case. Any appeal of the habeas petition should be accompanied by a request for a certificate of appealability, including a statement as to why a certificate should issue. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).

**ENTER:**

John A. Nordberg
Senior United States District Judge

Dated: May 8, 2002